United States District Court
Southern District of Texas
**ENTERED**
November 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVE O'NEAL GREEN, § | |
| # 26530707, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-3587 |
| § | |
| SHERIFF WAYNE DICKY, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Steve O'Neal Green is detained in the Brazos County Detention Center. Green has petitioned for a federal writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1).[1] After reviewing all the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases, the Court dismisses the case for the reasons explained below.

### I.   BACKGROUND

Green submitted a habeas petition on the Court's form for petitions under 28 U.S.C. § 2254. He states that he is detained in the Brazos County Detention Center in connection with Case No. 23-04189-CRF-272 in the 272nd District Court of Brazos County (Dkt. 1, at 2). In response to a question on the form about the length of his sentence, Green alleges

---

[1] Because he previously has accumulated three "strikes," Green is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in civil rights actions. *See Green v. Burns*, Civil Action No. 4:24-0502 (S.D. Tex. Feb. 21, 2024) (collecting past strikes and dismissing under § 1915(g)).

an "illegal charge." He does not provide a date of conviction, instead stating "under attack" (*id*. at 2). He answers no questions on the form about his trial or appeal (*id*. at 3-4).

Publicly available online records from Brazos County reflect that Green was indicted in Case No. 23-04189-CRF-272 on October 20, 2023, for possession of a controlled substance. He is represented by court-appointed counsel. The case is set for a status hearing on December 3, 2024; for docket call on April 14, 2025; and for a jury trial on April 28, 2025. *See* Brazos County Judicial Records Search, available at https://portal-txbrazos.tylertech.cloud/BrazosPortal/Home/Dashboard/29 (last visited Nov. 20, 2024).

Green filed his habeas petition in this Court on September 18, 2024. He brings three claims for relief: (1) he has been placed in double jeopardy because the citation for his arrest "was disposed"; (2) he was "framed" on June 16, 2023, and Texas statute requires an indictment within 90 days; and (3) a Texas habeas petitioner is entitled to minimally competent representation for habeas corpus relief (Dkt. 1, at 6-7). He seeks release on bond or dismissal of his criminal case (*id*. at 7).

Green's petition also refers to a disciplinary violation at the Brazos County Detention Center (*id*. at 5-6). He does not provide a disciplinary case number, date, or other information, instead referring to documents enclosed with his petition. His enclosed documentation shows only that, on September 2, 2024, approximately 2.5 weeks before he filed this suit, officials at the Brazos County Detention Center provided Green with notice of disciplinary charges against him and his right to be present at a hearing (*id*. at 16). He does not appear to seek relief relevant to his disciplinary charge (*id*. at 7).

## II.     DISCUSSION

Green's petition challenges the pending criminal charge against him. [2] Because he proceeds *pro se*, the Court reviews his filings the "the benefit of liberal construction." *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

Green filed his petition under 28 U.S.C. § 2254 to challenge the proceedings in Case No. 23-04189-CRF-272. Section 2254 provides a habeas remedy for persons in state custody pursuant to a criminal judgment. Because Green's criminal trial in Case No. 23-04189-CRF-272 is set for April 2025 and no judgment against him has been entered, his petition under § 2254 is premature. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

The Court construes Green's petition as a request for relief under 28 U.S.C. § 2241, which permits a federal habeas petition from a pretrial detainee. *See id.*; 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224-25 (5th Cir. 1987). Although the statutory text of § 2241 does not contain an express exhaustion requirement, "courts have grafted an exhaustion requirement

---

[2] Green's petition also refers to a disciplinary charge against him but, as stated above, provides no basic information about a disciplinary conviction and brings no substantive claims relevant to the disciplinary case. The Court therefore construes his petition as challenging the criminal proceedings only. To the extent Green seeks to challenge a disciplinary conviction, he may exhaust his administrative remedies and file a separate habeas action.

onto § 2241[.]" *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); *see Dickerson*, 816 F.2d at 225. The exhaustion requirement "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id.*

A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and has presented his claims "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (cleaned up). To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies habeas relief under article 11.08, the prisoner's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Court of Criminal Appeals. *See*, *e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

Here, online public records for the Texas appellate courts reflect that Green has not filed a habeas petition under TEX. CODE CRIM. PROC. art. 11.08 regarding the criminal proceeding in Case No. 23-04189-CRF-272. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Nov.

20, 2024).[3] Therefore, the exhaustion requirement is not satisfied. Given that Green has court-appointed counsel and several upcoming court settings, he does not allege facts supporting a finding that a remedy for his constitutional claims is unavailable from the Texas courts. Additionally, under the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention" or "nonintervention," is based on considerations of equity, comity, and federalism. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 & n,4 (5th Cir. 1992). Green does not show that exceptional circumstances are present or that federal court intervention is warranted.

The Court therefore concludes that the pending federal habeas petition must be dismissed without prejudice because he has not exhausted all available state court remedies.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district

---

[3] Green has filed five matters in the Court of Criminal Appeals since the relevant criminal proceedings began. Three were original writs of mandamus. *See id*. (WR-67,947-09; WR-67,947-11; WR-67,947-12). One was an original writ of habeas corpus filed in the Court of Appeals, which the court denied Green leave to file. *See id*. (WR-67,947-10). The fifth was a habeas corpus petition under TEX. CODE CRIM. PROC. art. 11.07 that challenged Green's conviction in a different case. *See id*. (WR-67,947-13) (challenging his 2007 felony conviction in Brazos County, Case No. 07-00573-CRF-272).

court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. Where the petitioner is a prisoner in state custody, this requirement also applies to petitions for relief under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that

reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Steve O'Neal Green is **DISMISSED** without prejudice.

2. All pending motions, if any, are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on _____November 22_____, 2024.

_____George C. Hanks Jr._____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE